UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<span>ENNIS</span> C<span>ASEY</span>,

    Plaintiff,

v.

R<span>ICK</span> S<span>NYDER ET AL</span>.,

    Defendants.

Case No. 18-cv-11907

U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span> C<span>OURT</span> J<span>UDGE</span>
G<span>ERSHWIN</span> A. D<span>RAIN</span>

U<span>NITED</span> S<span>TATES</span> M<span>AGISTRATE</span> J<span>UDGE</span>
A<span>NTHONY</span> P. P<span>ATTI</span>

_____/

**O<span>PINION AND</span> O<span>RDER</span> V<span>ACATING</span> O<span>RDER OF</span> R<span>EFERENCE TO</span>
M<span>AGISTRATE</span> J<span>UDGE</span> [5] <span>AND</span> S<span>UMMARILY</span> D<span>ISMISSING</span> C<span>OMPLAINT</span> [1]**

**I.    Introduction**

This matter is before the Court on Plaintiff Dennis Casey's *pro se* civil rights Complaint under 42 U.S.C. § 1983. Dkt. No. 1. Plaintiff is a state prisoner at the Lakeland Correctional Facility in Coldwater, Michigan. The Defendants are Rick Snyder, Governor of the State of Michigan; the Michigan Department of Corrections; Heidi Washington, Director of the Michigan Department of Corrections; Noah Nagy, warden at the Lakeland Correctional Facility; Bonita J. Hoffner, past warden at the Lakeland Facility; Bill Schuette, the Attorney General for the State of Michigan; and unnamed correctional officials identified as Jane or John Does. *See id.*

Casey alleges here that, although the Michigan Department of Corrections is purportedly holding him in custody under criminal file number 80-046-357-FY, that case was dismissed on April 28, 1981. He further maintains that even though he was serving time for two other cases in the 1980s, those cases were overturned by the Michigan Court of Appeals and dismissed in 1984 and in 1989. Dkt. No. 1, p. 3 (Pg. ID 3). He was told in 1989 that he would be released from prison, he contends. But when he informed correctional officials of the state court's supposed statements, he allegedly suffered from harassment, false misconduct reports, and detention for long periods of time. *Id.* And, according to Plaintiff, the Defendants failed or refused to assist him. *Id.*

Plaintiff asserts two claims in his Complaint: (1) that the Defendants have unlawfully detained and restrained him of his liberty without due process of law; and (2) that the Defendants have violated his constitutional rights by retaliating against him for exercising his right of access to the courts. *Id*. He seeks a declaratory judgment that the Defendants have violated his civil rights and retaliated against him; an order prohibiting the Defendants from depriving him of his liberty without due process of law; and money damages for unlawful imprisonment. *Id*. at p. 4 (Pg. ID 4).

## II. Discussion

As an initial matter, the Court notes that it granted Plaintiff permission to proceed in this action without prepayment of fees and costs. Dkt. No. 4. The Court subsequently referred the case to United States Magistrate Judge Anthony P. Patti for all non-dispositive pretrial proceedings. Dkt. No. 5. Upon further review of this case, the Court finds that the Complaint fails to state a plausible claim for relief. Accordingly, the Court will vacate the order of reference to Magistrate Judge Patti and will analyze Plaintiff's claims.

Under the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss "any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (internal citations omitted). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Section 1983 requires that a plaintiff adequately allege: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States;

and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility," the Court has held, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### III. Analysis

#### A. Claim One: Unlawful Detention

Plaintiff's claim that he is being detained unlawfully and restrained of his liberty fails to state a claim for which relief may be granted because it challenges his conviction and present confinement. The sole federal remedy for a state prisoner's challenge to the fact or duration of physical imprisonment is a petition for the writ of habeas corpus, following exhaustion of state remedies. *Preiser v.*

*Rodriguez*, 411 U.S. 475, 499 n.14, 500 (1973). Furthermore, the Supreme Court has explained that:

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (footnote omitted). *Heck* and its progeny, therefore, establish the following:

> that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Records maintained by the Michigan Department of Corrections on its official website indicate that Plaintiff was sentenced in 1981 to life imprisonment for first-degree criminal sexual conduct involving a person under the age of thirteen.[1] Although Plaintiff alleges that his criminal case was dismissed in 1981,

---

[1] *See* MICHIGAN DEPARTMENT OF CORRECTIONS, *Biographical Information*, *available at* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=163197 (last visited Aug. 23, 2018).

he has not submitted any materials which support this allegation. His inability to obtain the public record for his criminal case does not indicate that the case was dismissed. Dkt. No. 1, pp. 6–8 (Pg. ID 6–8). Given the decades between his conviction and his request for the case file, the file might simply have been destroyed pursuant to the state court's document retention policies.

To conclude, Plaintiff has failed to adequately allege that his conviction was reversed, expunged, or invalidated by state officials, and success in this action would necessarily demonstrate the invalidity of Plaintiff's conviction and imprisonment. Therefore, his first claim is not cognizable in this § 1983 action. *Heck*, 512 U.S. at 487.

B. Claim Two: Retaliation

Plaintiff's second claim—that some of the Defendants have retaliated against him for exercising his right of access to the courts—likewise fails to state a claim for relief.[2]

A First Amendment retaliation claim has three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

---

[2] Plaintiff does not assert his retaliation claim against Defendants Snyder, Washington, Nagy, and Hoffner. Dkt. No. 1, p. 3 (Pg. ID 3).

*Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018) (quoting *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

Here, Plaintiff has not pleaded sufficient details to support his retaliation allegations. He has not explained what steps he took to inform state correctional officials about his criminal case. The Complaint is absent of details regarding state officials' conduct which purportedly constitutes retaliation. Finally, Plaintiff has not properly pled that any "adverse action was motivated at least in part by [his] protected conduct." *Thaddeus-X*, 175 F.3d at 394 (collecting cases). Plaintiff's conclusory allegations of unconstitutional conduct, without specific factual support, do not state a plausible claim for relief under § 1983. *See, e.g.*, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002); *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). A complaint must include a factual basis for claims of unconstitutional conduct by state actors. *See Chapman v. Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (citations omitted). And because a specific factual basis is absent here, Plaintiff's retaliation claim fails.

## IV. Conclusion and Order

For the reasons detailed above, Plaintiff has not stated a plausible claim for which relief may be granted.

Accordingly, IT IS ORDERED that the order of reference to the Magistrate Judge is VACATED. Dkt. No. 5.

IT IS FURTHER ORDERED that the Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Dkt. No. 1.

IT IS FURTHER ORDERED that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: August 30, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 30, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk